UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURBY C. NELSON,

    Plaintiff,

v.

FANNIE MAE,
BANK OF AMERICA,
COUNTRYWIDE HOME LOANS,
MORTGAGE ELECTROINIC REGISTRATION SYSTEM, INC.,
ELLEN L. COON
AFFIANT WALTER REED,
JOANNA NOBLE,
TROTT & TROTT, P.C.,
DETROIT LEGAL NEWS,
CHRISTINE JACOBS,
NOTARY SAMUEL GEORGE,
NOTARY CHRISTINA HEDKE
WAYNE COUNTY SHERIFF DEPARTMENT and
DEPUTY SHERIFF RALFPH LEGGAT,
Jointly and Severally,

    Defendants.

USDC Case No.: 10-12551
Hon. John Corbett O'Meara
WCCC Case No.: 10-006944-CH
Hon. Robert Colombo, Jr.

_____/

| | |
|---|---|
| **KURBY C. NELSON**<br>In Pro Per Plaintiff<br>16233 Mark Twain<br>Detroit, Michigan 48235<br>(313) 801-0011 | **MARIANNE G. TALON (P35825)**<br>Wayne County Corporation Counsel<br>**AARON C. THOMAS (P55114)**<br>Assistant Corporation Counsel<br>Attorneys for Defendant Wayne County<br>500 Griswold, 11th Floor<br>Detroit, Michigan 48226<br>(313) 224-5030 |

_____/

## DEFENDANT WAYNE COUNTY SHERIFF'S DEPARTMENT'S

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Wayne County Sheriff's Department by and through its attorneys, MARIANNE G. TALON, Wayne County Corporation Counsel and AARON C.

THOMAS, Assistant Corporation Counsel hereby answers Plaintiff's Complaint as follows:

1. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Admit.

15. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Denied.

## FACTS AND CIRCUMSTANCES

18. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Denied.

24. Denied.

25. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. Denied.

28. Denied.

29. Denied.

30. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31. Denied.

32. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. Denied.

34. Denied.

35. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. Denied.

WHEREFORE, Defendant Wayne County Sheriff's Department respectfully requests for a dismissal of this above claim, with prejudice, together with costs and attorney fees.

## COUNT I

## VIOLATION OF FDCPA PROHIBITED ACTS § 809.15 U.S.C. 1692

37. Defendant incorporates each answer stated above as if fully set forth herein and

further denies any allegations as set forth in paragraph thirty-seven.

38. No response is necessary as the allegations as set forth in this paragraph are legal conclusions not factual allegations. To the extent plaintiff alleges factual allegations the same are denied as untrue.

39. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. No response is necessary as the allegations as set forth in this paragraph are legal conclusions not factual allegations. To the extent plaintiff alleges factual allegations the same are denied as untrue.

41. Denied.

42. Denied.

WHEREFORE, Defendant Wayne County Sheriff's Department respectfully requests for a dismissal of this above claim, with prejudice, together with costs and attorney fees.

## COUNT II

### EMOTIONAL INFLICITION OF EMOTIONAL DISTRESS

43. Defendant incorporates each answer stated above as if fully set forth herein and further denies any allegations as set forth in paragraph forty-three.

44. No response is necessary as the allegations as set forth in this paragraph are legal conclusions not factual allegations. To the extent plaintiff alleges factual allegations the same are denied as untrue.

45. Denied.

46. Denied.

WHEREFORE, Defendant Wayne County Sheriff's Department respectfully requests for a dismissal of this above claim, with prejudice, together with costs and attorney fees.

## ADOPTION OF 382 F. SUPP 377 AS COUNT III
## VIOLATION OF PLAINTIFF'S 14TH AMENDMENT RIGHTS

47. Defendant incorporates each answer stated above as if fully set forth herein and further denies any allegations as set forth in paragraph forty-seven.

48. Defendant neither admits nor denies the allegations contained in paragraph forty-eight as the named Plaintiffs in this paragraph are not Plaintiffs in this matter before the court.

49. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. No response is necessary as the allegations as set forth in this paragraph are legal conclusions not factual allegations. To the extent plaintiff alleges factual allegations the same are denied as untrue.

52. No response is necessary as the allegations as set forth in this paragraph are legal conclusions not factual allegations. To the extent plaintiff alleges factual allegations the same are denied as untrue.

53. No response is necessary as the allegations as set forth in this paragraph are legal conclusions not factual allegations. To the extent plaintiff alleges factual allegations the same are denied as untrue.

54. No response is necessary as the allegations as set forth in this paragraph are legal

conclusions not factual allegations. To the extent plaintiff alleges factual allegations the same are denied as untrue.

55. Denied.
56. Denied.

57. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

WHEREFORE, Defendant Wayne County Sheriff's Department respectfully requests for a dismissal of this above claim, with prejudice, together with costs and attorney fees.

## COUNT III

## NOTARY PROTEST

58. Denied.

59. Denied.

## RELIEF REQUESTETD

WHEREFORE, Defendant Wayne County Sheriff's Department respectfully requests for a dismissal of this above claim, with prejudice, together with costs and attorney fees.

    Respectfully submitted,

    MARIANNE G. TALON (P35825)
    Wayne County Corporation Counsel


    /s/ Aaron C. Thomas
    AARON C. THOMAS (P55114)
    Assistant Corporation Counsel
    Attorney for Defendant WCSD
    500 Griswold, 11th Floor

Detroit, Michigan 48226
(313) 224-5030
athomas@co.wayne.mi.us

Date:  June 28, 2010

## AFFIRMATIVE DEFENSES

Defendant Wayne County Sheriff's Department relies upon the following affirmative and other defenses in this matter:

1. Plaintiff has failed to state a claim upon which relief can be granted, as to some or all of their claims.

2. Plaintiff claims are barred on the grounds of res judicata and collateral estoppel.

3. Plaintiff's claims are barred, in whole or in part, by the Rooker-Feldman and Younger abstention doctrines.

4. This court lacks subject-matter jurisdiction over some or all of Plaintiff's claims.

5. Plaintiff's claims are barred, in whole or in part, by immunity granted by law, including but not limited to Michigan's Governmental Tort Liability Act.

6. Plaintiff's claims are barred, in whole or in part, because the individual Defendants are entitled to qualified immunity.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiff's claims are barred, in whole or in part, by the statute of frauds and the parol evidence doctrine.

9. Plaintiff's claims are barred, in whole or in part, by estoppel.

10. Plaintiff's claims are barred, in whole or in part, by laches.

11. Plaintiff's damages are barred, in whole or in part, because of his failure to mitigate his damages.

12. Plaintiff's claims are barred, in whole or in part, by the unclean hands doctrine.

13. Plaintiff has failed to plead fraud with particularity.

14. Defendants were not the proximate cause or cause-in-fact of any injury suffered by Plaintiff.

15. Plaintiff has not suffered a cognizable injury as a result of any conduct on the part of the Defendants.

16. Plaintiff lacks standing to pursue this action.

17. Plaintiff's claims are barred by judicial estoppel.

18. Plaintiff's claims are barred by the wrongful conduct rule.

19. Plaintiff is responsible for some or all of their injuries and damages, if any.

20. The Wayne County Sheriff's Department is not a legal entity amenable to suit.

21. Plaintiff's claims are barred by the applicable statute of limitations.

22. Plaintiff has failed to plead fraud with particularity.

Defendant Wayne County Sheriff's Department reserves the right to amend or supplement its Affirmative & Other Defenses up to the time of trial in this matter, as additional facts and witnesses are disclosed.

Respectfully submitted,

MARIANNE G. TALON (35825)
Wayne County Corporation Counsel


/s/ Aaron C. Thomas
**AARON C. THOMAS (P55114)**
Assistant Corporation Counsel
Attorney for Wayne County Defendants
500 Griswold, 11th Floor
Detroit, Michigan 48226
(313) 224-0552
athomas@co.wayne.mi.us

## CERTIFICATE OF SERVICE

I certify that a copy of Wayne County Defendants' Answer, Affirmative & Other Defenses and this Certificate of Service, were filed with the Clerk of the Court on July 6, 2010, via the ECF system, which will provide electronic notification of the filing to the following ECF participants: **none**, and the following non-ECF participants were served by U.S. Mail: **Kurby C. Nelson, 16233 Mark Twain, Detroit, Michigan 48235.**

/s/ Aaron C. Thomas
Aaron C. Thomas (P55114)
Assistant Corporation Counsel

Doc# 263484